IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 18-17604 |
| Ross E. Baker | : Chapter 13 |
| | : Judge Magdeline D. Coleman |
| Debtor(s) | : \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| | : |
| Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto | : Date and Time of Hearing |
| | : October 20, 2020 at 10:30 a.m. |
| Movant, | : |
| vs | : Place of Hearing |
| | : U.S. Bankruptcy Court |
| Ross E. Baker | : 900 Market Street, Courtroom #2 |
| Meaghan Maureen Baker | : Philadelphia, PA, 19107 |
| | : |
| William C. Miller, Esq. | Related Document # 66 |
| Respondents. | |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY (DOCKET NUMBER 66) AS TO 2014 FORD FOCUS BEARING THE VEHICLE IDENTIFICATION NUMBER ("VIN") 1FADP3K20EL317849 (DKT. #66)

This matter coming to be heard on the *Motion for Relief from Stay and Co-Debtor Stay* (Dkt. #66) which was filed in this court by Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto ("Movant"), Movant and Ross E. Baker by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly payments to Movant and is currently in default for the months of November 2018 through September 2020, incurring a total post-petition arrearage of $6,864.35, which consists of 23 post-petition payments for November 17, 2018 through September 17, 2020 at $298.45 each.

3. Debtor shall repay the total post-petition arrearage of $6,864.35 through the Chapter 13 Plan.

4. Debtor shall submit ongoing monthly payments directly to the Creditor starting with the October 17, 2020 post-petition payment.

1

20-015317_SCS2

5. Debtor shall file a Modified Chapter 13 Plan wherein the post-petition arrearage for the months of November 2018 through September 2020 is included in the Plan. Debtor shall file the Modified Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6. Movant is permitted to file a Supplemental Proof of Claim in the amount of $6,864.35 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

7. Payments must be sent directly to Wells Fargo:

    Wells Fargo Auto
    PO Box 17900
    Denver, CO 80217-0900

8. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition payments directly to Movant in a regular monthly fashion.

9. The following are events of default under this Stipulation:

    a. Debtor's failure to file a Modified Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

    b. Debtor's failure to remit any future monthly payment on or before the date on which it is due;

10. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. Debtor's opportunity to cure the default shall be limited to three occurrences. Upon the fourth default occurrence, without notification to the Debtor and his/her attorney, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

12. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 9/30/2020

BY: /s/ Karina Velter
Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: 9/30/2020

BY: [signature]
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/ LeeAne O. Huggins
William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

Without Prejudice to Any Trustee Rights or Remedies
— October 5, 2020