IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ROSS E. BAKER,<br>Debtor<br><br>SPECIALIZED LOAN SERVICING, LLC, AS SERVICING AGENT FOR GSMPS MORTGAGE LOAN TRUST 2005-RP3, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE,<br>Movant<br>v.<br><br>ROSS E. BAKER and<br>WILLIAM C. MILLER, Chapter 13 Trustee,<br>Respondents | Bankruptcy No. 18-17604-amc<br><br>Chapter 13<br><br>Related to Doc. Nos. 53, 56 |

ORDER OF COURT

AND NOW, this ___ day of _____, 2020, upon consideration of the foregoing Six-Month Stipulation Resolving Motion for Relief from the Automatic Stay, it is hereby ORDERED that the Stipulation is approved.

**Date: March 24, 2020**

BY THE COURT

_____
Hon. Ashely M. Chan
U.S. Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ROSS E. BAKER,<br>    Debtor<br><br>SPECIALIZED LOAN SERVICING, LLC, AS SERVICING AGENT FOR GSMPS MORTGAGE LOAN TRUST 2005-RP3, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE,<br>    Movant<br>    v.<br><br>ROSS E. BAKER and<br>WILLIAM C. MILLER, Chapter 13 Trustee,<br>    Respondents | Bankruptcy No. 18-17604-amc<br><br>Chapter 13<br><br>Related to Doc. Nos. 53, 56 |

## SIX-MONTH STIPULATION
## RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW comes Specialized Loan Servicing, LLC, as Servicing Agent for GSMPS Mortgage Loan Trust 2005-RP3, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee (the "Movant") by and through its undersigned counsel, Bernstein-Burkley, P.C., and Debtor Ross E. Baker, by and through his undersigned counsel, Brad J. Sadek, Esquire, and together file this Six-Month Stipulation Resolving Motion for Relief from the Automatic Stay (the "Stipulation"), stating as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant holds a Mortgage on the real property located at 1546 Weber Drive, Linwood, PA 19061 (the "Property").

3. As of the date of this Stipulation, the Debtor is in default of his post-petition payment obligations to Movant in the amount of $5,824.09.

4. Debtor will cure the remaining post-petition arrears by making monthly payments to Movant in the amount of $1891.57 until the post-petition arrears are cured. After the post-petition arrears are cured, Debtor shall timely make all future regular $920.89 monthly payments to Movant pursuant to the terms of the Contract. The first payment due under this Stipulation will be the payment that comes due on April 1, 2020. The payments and due dates will be as follows:

| April 1, 2020 | $1891.57 |
| May 1, 2020 | $1891.57 |
| June 1, 2020 | $1891.57 |
| July 1, 2020 | $1891.57 |
| August 1, 2020 | $1891.57 |
| September 1, 2020 | $1891.57 |

5. Debtor shall direct the payments to:

> Specialized Loan Servicing, LLC
> P.O. Box 636007
> Littleton, CO 80163

Payments must be received by Movant at the above-referenced address on or before the 1st day of each month. Debtor will be in default under the Stipulation in the event that Debtor fails to comply with the payment terms and conditions in Paragraph 4, *supra*. If Debtor defaults under this Stipulation, Movant may send Debtor and Debtor's counsel a Notice of Default. Debtor will have ten (10) days from the date of the Notice of Default to cure the default. If default is not cured after the ten days, a Certification of Default will be immediately filed with the Court by the Movant. Debtor will have the opportunity to default and cure on two separate occasions. Then, if Debtor defaults a third time, Movant will immediately file a Certification of Default with the Court without

having to first send Debtor and Debtor's Counsel a Notice of Default, and the Debtor will not have the opportunity to cure the default.

6. In the event the instant bankruptcy case is converted under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten-day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may serve a notice of default and intent to file Certification of Default, but Debtor will not be granted an opportunity to cure the default. Instead, a Certification of Default will be filed immediately with the Court.

7. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*
Keri P. Ebeck
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
412-456-8112
Fax: (412) 456-8120

*Counsel for Specialized Loan Servicing, LLC, as Servicing Agent for GSMPS Mortgage Loan Trust 2005-RP3, U.S. Bank National Association, as Trustee, Successor in Inte rest to Wachovia Bank, National Association, as Trustee*

By: _____
Brad J. Sadek, Esq.
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Fax: 215-545-0611
Email: brad@sadeklaw.com

*Counsel for Ross E. Baker*

Dated: March 22, 2020